1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10   WILLIAM GOSLIN,                    )   Case No. CV 06-7126-PJW
                                        )
11              Plaintiff,              )
                                        )   MEMORANDUM OPINION AND ORDER
12        v.                            )
                                        )
13   MICHAEL J. ASTRUE,                 )
     COMMISSIONER OF THE                )
14   SOCIAL SECURITY ADMINISTRATION,    )
                                        )
15              Defendant.              )
     _____)

16

17        Before the Court is Plaintiff's appeal of a decision by Defendant

18   Social Security Administration ("the Agency"), denying his application

19   for supplemental security income ("SSI").  He asks the Court to

20   reverse the Agency's decision and award benefits or, in the

21   alternative, to remand the case to the Agency for further proceedings.

22   For the reasons set forth below, the Court finds that the Agency's

23   decision that Plaintiff was not disabled is supported by substantial

24   evidence and is affirmed.

25        After Plaintiff's application was denied initially and on

26   reconsideration by the Agency, he requested a hearing before an

27   administrative law judge ("ALJ"), which took place on August 26, 1999.

28   (Administrative Record ("AR") 462-87.)  On September 16, 1999, the ALJ

1  denied Plaintiff's application in a written decision.  (AR 56-62.)  On
2  November 25, 2002, the Appeals Council vacated that decision and
3  remanded the case to the ALJ to allow him to obtain additional
4  evidence from a vocational expert regarding Plaintiff's past relevant
5  work, if any, and to assess the effect of Plaintiff's limitations on
6  his ability to perform that work or other work.  (AR 90-91.)

7      A second hearing was held before a different ALJ on November 29,
8  2005.  (AR 488-540.)  On December 30, 2005, that ALJ denied
9  Plaintiff's application.  (AR 18-33.)  He found that Plaintiff
10 suffered from various impairments that were "severe" when taken in
11 combination, but that none of the impairments, either singly or in
12 combination, met or medically equaled a Listed impairment.  (AR 20.)
13 The ALJ further determined, after discounting Plaintiff's subjective
14 complaints, that Plaintiff had the residual functional capacity to
15 perform the full range of medium work.  (AR 26.)  Relying on the
16 Medical-Vocational Guidelines, together with the hearing testimony of
17 the vocational expert, the ALJ concluded that Plaintiff could perform
18 work existing in the national economy and was, therefore, not
19 disabled.  (AR 31-32.)  After the Appeals Council denied review,
20 Plaintiff filed the current action.

21     Plaintiff contends that the ALJ did not properly consider the
22 opinion of examining physician Dr. Nick Mashour.  (Joint Stip. at 5-
23 9.)  Dr. Mashour noted "degenerative joint changes in the [metacarpo-
24 phalangeal] and [proximal interphalangeal] joints of both hands."  (AR
25 455.)  He opined that Plaintiff "should only be asked to perform fine
26 and gross manipulation occasionally."  (AR 456.)  Plaintiff argues
27 that "the ALJ's assessed limitations simply ignore that opinion."
28 (Joint Stip. at 5.)  Plaintiff contends that the ALJ failed to provide

1  "specific and legitimate reasons supported by substantial evidence in
2  the record" for rejecting Dr. Mashour's opinion.  (Joint Stip. at 6.)
3  He also argues that the ALJ ignored the findings of the treating
4  physicians that were consistent with Dr. Mashour's opinion.  (Joint
5  Stip. at 7.)  In Plaintiff's view, if Dr. Mashour's limitations are
6  credited, Plaintiff is restricted to light work, which, under the
7  Guidelines, means that he is disabled.  (Joint Stip. at 8.)

8          Contrary to Plaintiff's contention, the ALJ did not ignore Dr.
9  Mashour's opinion.  Rather, he discounted it for two reasons.  (AR
10 27.)  First, the ALJ relied on the opinion of the medical expert, Dr.
11 Alpern, who testified that Dr. Mashour's report contained no evidence
12 to support the limitation on manipulation.  (AR 27.)  Second, he found
13 that Plaintiff was not credible and that he "exaggerated the extent of
14 his pain and his limitations," thereby undercutting Dr. Mashour's
15 assessment insofar as it was based on Plaintiff's subjective
16 complaints.  (AR 27.)  These reasons for rejecting Dr. Mashour's
17 opinion with respect to the manipulation limitation are specific and
18 legitimate, and are supported by substantial evidence in the record.

19         Although the opinion of a nonexamining medical expert cannot *by*
20 *itself* constitute substantial evidence to justify the rejection of the
21 opinion of an examining physician, it may properly support such a
22 rejection where the expert's opinion is consistent with other evidence
23 in the record, *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.
24 2001) (affirming ALJ's rejection of treating and examining physicians'
25 opinions where unsupported by rationale or objective medical
26 findings), or where the ALJ points to other specific evidence, such as
27 inconsistent testimony from the claimant.  *Morgan v. Commissioner*, 169
28 F.3d 595, 602 (9th Cir. 1999).  Moreover, an opinion "premised to a

1  large extent on the claimant's own accounts of his symptoms and
2  limitations may be disregarded where those complaints have been
3  properly discounted." *Id.* (citations omitted).

4       Here, Dr. Mashour's opinion was contradictory and inconsistent.
5  For example, Dr. Mashour noted that Plaintiff reported that he had a
6  history of arthritis, which caused pain in his hands.  (AR 452.)  But
7  Dr. Mashour also noted that Plaintiff failed to cooperate with Jamar
8  grip strength testing to verify Plaintiff's complaints.  (AR 454.)  In
9  fact, despite Plaintiff's efforts, or lack thereof, Dr. Mashour
10 concluded that Plaintiff's grip strength was normal.  (AR 455.)
11 Ultimately, Dr. Mashour concluded that Plaintiff's condition was
12 "consistent with mild arthritis."  (AR 456.)

13      Dr. Alpern's testimony was consistent with Dr. Mashour's clinical
14 findings.  Dr. Alpern noted that Plaintiff refused to do the Jamar
15 testing and that his hand strength was noted to be normal.  (AR 525.)
16 Dr. Alpern consequently found no support for the limitations found by
17 Dr. Mashour.  (AR 525.)  To the extent that Dr. Mashour's limitations
18 were not supported by his own findings, the ALJ was entitled to reject
19 them.  *Tonapetyan*, 242 F.3d at 1149.  Thus, the ALJ did not rely
20 solely on Dr. Alpern's opinion in rejecting Dr. Mashour's assessed
21 limitation.  The ALJ noted, for example, that "clinical tests, such as
22 range of motion and sensation, are effort dependent, and [Plaintiff]
23 is not entirely credible."  (AR 27.)  The ALJ gave numerous reasons to
24 support his credibility finding, including the lack of objective
25 medical evidence to substantiate his allegations of extreme pain, (AR
26 29); the "relatively routine and conservative treatment" he received
27 for his musculoskeletal impairments (AR 29); the episodic nature of
28 Plaintiff's treatment history with "large gaps of apparently no

medical treatment whatsover" (AR 29); Plaintiff's apparent exaggeration of symptoms, such as his claim that he suffered from pain so intense that "[o]ther people would have killed themselves" (AR 29, 176); inconsistencies in Plaintiff's statements and between his claimed symptoms and his reported daily activities (AR 29); and inconsistencies between Plaintiff's claimed work history and the lack of reported earnings after 1973. (AR 30.) These were appropriate reasons for discounting Plaintiff's subjective complaints. *See*, *e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). In any event, Plaintiff does not challenge the ALJ's credibility findings in this action. Having rejected Plaintiff's credibility, the ALJ was entitled to reject Dr. Mashour's opinion that Plaintiff was restricted to only occasional manipulation--which was based almost entirely on Plaintiff's subjective complaints. *See Tonapetyan*, 242 F.3d at 1149 (affirming rejection of examining physician's opinion that relied on "subjective complaints and on testing within [claimant]'s control").[1]

    For the reasons set forth above, the ALJ's decision is affirmed and the case is dismissed with prejudice.

    IT IS SO ORDERED.

    DATED:     March  7 , 2008.

                                            PATRICK J. WALSH
                                            UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\GOSLIN, W 7126\Memo_Opinion.wpd

---

    [1]  Although Plaintiff now argues that Dr. Mashour's opinion is consistent with the findings of Plaintiff's treating physicians, (Joint Stip. at 7), those physicians noted only that Plaintiff experienced pain in his finger joints, which were apparently based on Plaintiff's complaints. (AR 294, 300, 309.) No treating physician opined that such pain would limit Plaintiff's manipulation. Thus, it is incorrect that the ALJ "ignored" those treating doctors' opinions.